**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT SMITH, SR.,** | ) | |
| **PLAINTIFF,** | ) | **COMPLAINT** |
| | ) | **21-5926** |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **VANGUARD INSTALLATIONS, INC.** | ) | |
| **d/b/a INNOVATIVE INSTALLATIONS,** | ) | |
| **INNOVATIVE INSTALLATION** | ) | |
| **SERVICES, INC. d/b/a** | ) | |
| **INNOVATIVE INSTALLATIONS,** | ) | |
| **INNOVATIVE INSTALLATIONS, INC., and** | ) | |
| **WILLIAM KRYGSHELD,** | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT

NOW COMES, Plaintiff ROBERT SMITH, SR., ("Plaintiff"), by through their attorneys, Kreitman Law, LLC and Gainsberg Law, P.C., with his Complaint against Defendants VANGUARD INSTALLATIONS, INC. d/b/a INNOVATIVE INSTALLATIONS and INNOVATIVE INSTALLATION SERVICES, INC. d/b/a INNOVATIVE INSTALLATIONS (collectively "INNOVATIVE INSTALLATIONS Defendants"), and Defendant WILLIAM KRYGSHELD and states as follows:

### NATURE OF CASE

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 I.L.C.S. § 105, *et seq.,* ("IMWL") for the failure to pay overtime wages to Plaintiff, termination in retaliation for protected activity in violation of the FLSA and the IMWL.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is properly placed in this District because the Defendants are transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).

## PARTIES

4.     At all times material to this Complaint Plaintiff was a citizen of the United States and the State of Illinois.

5.     At all times material to this Complaint, INNOVATIVE INSTALLATIONS Defendants owned and/or operated and/or managed and/or maintained a principal place of business located at 6320 West Bruns Road, Monee, IL 60449 ("Innovative Installations Office").

6.     At all times material to this Complaint, INNOVATIVE INSTALLATIONS INC. Defendants jointly operated a contracting business known as "Innovative Installations" in the Foundation, Structure, and Building Exterior Contractors Industry.

7.     At all times material to this Complaint, Defendant KRYGSHELD was President of the INNOVATIVE INSTALLATIONS Defendants, was an owner or the sole owner of the INNOVATIVE INSTALLATIONS Defendants and exercised significant control over the day-to-day operations and payroll policies of the INNOVATIVE INSTALLATIONS Defendants, including the compensation of Plaintiff during his employment with the INNOVATIVE INSTALLATIONS Defendants.

8.     At all times material to this Complaint, the INNOVATIVE INSTALLATIONS Defendants employed more than four employees exclusive of the employer's parent, spouse or child or other members of immediate family of its owners.

**FACTS**

9.     Prior to his discharge on November 5, 2019, Plaintiff was employed by INNOVATIVE INSTALLATIONS Defendants as a laborer and worked at various job sites under the direction, control and management of Defendant KRYGSHELD.

10.     During Plaintiff's employment with the INNOVATIVE INSTALLATIONS Defendants, Plaintiff was paid a base wage of $25.00 per hour per verbal agreement and with an overtime rate of $37.50 per hour.

11.     During Plaintiff's employment with the INNOVATIVE INSTALLATIONS Defendants, INNOVATIVE INSTALLATION Defendants and Defendant KRYGSHELD used Plaintiff's name for fraudulent union "work permits" with the labor union known as "The International Brotherhood of Material handling and Dock Equipment, Local 1".

12.     Plaintiff was not paid union rates for his work for INNOVATIVE INSTALLATIONS Defendants, which was $40.00 per hour and was never a member of said union or member of a collective bargaining unit for INNOVATIVE INSTALLATIONS Defendants.

13.     The fraudulent union "work permits" were obtained by the INNOVATIVE INSTALLATIONS Defendants and Defendant KRYGSHELD to presumably charge higher rates for work and obtain union work and pocket the difference.

14.     In 2019, including between May-June 2019, Plaintiff was knowingly assigned by Defendant KRYGSHELD to regularly work and regularly worked from 5:30 a.m. to 5:00 p.m. or 5:30 p.m. but was instructed to record hours reflecting a start time from 7:00 a.m. to 3:30 p.m. on

jobs where customers did not approve overtime rates, regularly causing him to work hours in excess of 40 hours per week but not receiving any payment for said hours.

15. In 2019, Plaintiff received compensation directly from Defendant VANGUARD INSTALLATIONS, INC.

16. In 2019, Plaintiff received compensation directly from Defendant INNOVATIVE INSTALLATION SERVICES, INC.

17. In September 2019 and October 2019, Plaintiff repeatedly complained about overtime and not being paid per diem in a timely fashion to Defendant KRYGSHELD and Melissa Malloy who was based out of the INNOVATIVE INSTALLATIONS Office.

18. In October 2019 Plaintiff was working a job for INNOVATIVE INSTALLATIONS Defendants where some overtime was approved.

19. On October 29, 2019, Plaintiff received a text from Defendant KRYGSHELD stating that any hours worked over 60 hours would not be recorded or paid and would be moved to other weeks with less hours worked.

20. Plaintiff replied with two texts asking whether this meant he would lose an overtime premium for overtime hours worked if they were moved to weeks without overtime hours.

21. Plaintiff did not receive a response to these inquires.

22. On or about Sunday November 3, 2019, Plaintiff was repeatedly called from INNOVATIVE INSTALLATIONS Defendants after work hours regarding work. Plaintiff had already accrued over 60 hours and in protest, refused to pick up the phone due to the instruction that he would not be accurately paid for additional overtime hours from answering his phone on a Sunday evening.

23.     On or about November 5, 2019, Plaintiff was terminated by INNOVATIVE INSTALLATIONS, INC., for his refusal to pick up his phone.

## COUNT I
### Willful Failure to Pay Overtime in Violation of the Fair Labor Standards Act
### Plaintiff v. All Defendants

1-23.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-23 of this Complaint as if fully set forth herein this Paragraph 1-23 of Count I.

24.     At all times material to this Complaint, the Defendants were an "employer" of Plaintiff as defined by the FLSA, 29 U.S.C § 203(d).

25.     At all times material to this Complaint, Plaintiff was an "employee" of the Defendants as defined by the FLSA, 29 U.S.C § 203(d).

26.     During Plaintiff's employment with the INNOVATIVE INSTALLATIONS Defendants, he did not fall under any exemption or exception to the FLSA's overtime pay requirements.

27.     Under the FLSA, 29 U.S.C. 211(c), Defendants were required to maintain accurate records of hours worked by Plaintiff.

28.     At times material to this Complaint, Defendants failed to maintain accurate records of the hours worked by Plaintiff.

29.     Under the FLSA, 29 U.S.C. 207(a)(1), Defendants were required to compensate Plaintiff for all hours worked in excess of 40 hours per week and to pay a rate of time and a half their regular rate of pay for all overtime, i.e., hours worked in excess of 40 hours per work week.

30.     Defendants' conduct was willful and intentional, in that Defendants' regularly required, approved and/or suffered or permitted Plaintiff to work overtime hours in 2019, including May-June 2019, for which he was not compensated at the statutory rates, or knew or should have

known Plaintiff worked overtime hours in 2019 for which he was not compensated at the statutory overtime premium rates.

31.     As a result of Defendants' policy and practice of failing to pay Plaintiff overtime compensation, Plaintiff have been damaged by not receiving overtime wages due and owing for hours worked each week in excess of 40 hours, pursuant to the FLSA in 2019.

WHEREFORE, Plaintiff respectfully request this Court enter judgment in their favor and against Defendants jointly and severally, for the following:

a)      Finding Defendants' conduct alleged herein to be willful and an award of back pay equal to the amount of all unpaid compensation at a rate of one and a half times Plaintiff' regular hourly rate for all hours works in excess of 40 hours per week for the three years prior to the filing of this Complaint;

b)      An award of liquidated damages equal to the amount of all unpaid overtime compensation requested herein, or alternatively, prejudgment interest;

c)      Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b);

d)      For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e)      Such other relief as this Court deems necessary and just.

**COUNT II**
**Failure to Pay Overtime in Violation of the Illinois Minimum Wage Law**
**Plaintiff v. All Defendants**

1-23.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 23 of this Complaint above as if fully set forth herein this Paragraph 1-23 of Count II.

24.    At all times material to this Complaint, Defendants were an "employer" of Plaintiff as defined by the IMWL, 820 I.L.C.S. § 105/3(c).

25.    During Plaintiff's employment with Defendants, he did not fall under any exemption or exception to the IMWL's overtime pay requirements.

26.    Under the IMWL, Defendants were required to maintain accurate records of hours worked by Plaintiff.

27.    At times material to this Complaint, Defendants failed to maintain accurate records of the hours worked by Plaintiff.

28.    The IMWL 820 ILCS. § 105/4(a) required Defendants to compensate employees at a rate of time and one-half their regular rate of pay for overtime hours, i.e., hours worked in excess of 40 in a workweek.

29.    Defendants' conduct was willful and intentional, in that Defendants regularly required, approved and/or suffered or permitted Plaintiff to work overtime hours in 2019, including May-June 2019, for which he was not compensated at the statutory rates, or knew or should have known Plaintiff worked overtime hours for which he was not compensated at the statutory rates.

30.    As a result of Defendants' policy and practice of failing to pay Plaintiff overtime compensation, Plaintiff has been damaged by not receiving overtime wages due and owing for hours worked each week in excess of 40 hours, pursuant to the IMWL.

WHEREFORE, Plaintiff respectfully request this Court enter judgment in his favor and against Defendants, jointly and severally, for the following:

a)      Finding Defendants' conduct alleged herein to be willful and an award of back pay equal to the amount of all unpaid compensation at a rate of one and a half times Plaintiff's regular hourly rate for all hours works in excess of 40 hours per week for the three years prior to the filing of this Complaint;

b)      An award of 2% of the amount of underpayments accrued by Plaintiff prior to February 17, 2019 for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 I.L.C.S. § 105/12;

c)      An award of double the amount of underpayments accrued by Plaintiff after February 17, 2019 pursuant to 820 I.L.C.S. § 105/12;

d)      An award of 5% of the amount of underpayments accrued by Plaintiff after February 17, 2019 for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 I.L.C.S. § 105/12;

e)      Attorneys' fees and costs of this action pursuant to 820 I.L.C.S. § 105/12(a); and

f)      Such other relief as this Court deems necessary and just.

## COUNT III
**RETALIATORY DISCHARGE in Violation of the Fair Labor Standards Act**
**Plaintiff v. All Defendants**

1-31.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-31 of Count I of this Complaint as if fully set forth herein this Paragraph 1-31 of Count III.

32.      Plaintiff's complaints to Defendant Krygsheld and Mallory Malloy regarding overtime payment and overtime policies in September 2019 and October 2019, constituted protected internal complaint activity under the FLSA.

33. Plaintiff's refusal to answer his phone on November 5, 2019, due to the stated intention of Defendants not to pay him overtime in violation of the FLSA constitute protected internal complaint activity under the FLSA.

34. At all times material to this Complaint, the FLSA, 29 USC 215(a)(3) prohibited retaliation or discrimination by an employer against an employee because of protected internal complaint activity.

35. On or about November 5, 2019, Defendants knowingly and willingly violated the FLSA by terminating Plaintiff when Defendant Krygsheld terminated Plaintiff in retaliation for his FLSA protected internal complaint activity.

36. As a result of Plaintiff's termination, Plaintiff sustained lost wages, consequential damages, emotional distress and has incurred attorney's fees and costs in this matter.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants jointly and severally MASSOUD FARSHCHI for the following:

a) Finding Defendants' conduct alleged herein to be willful and an award of actual damages;

b) An award of liquidated damages equal to the amount of all actual damages requested herein, or alternatively, prejudgment interest;

c) Compensatory Damages;

d) Punitive Damages;

e) Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b);

f) For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

g) Such other relief as this Court deems necessary and just.

## COUNT IV
### Retaliatory Discharge in Violation of the Illinois Minimum Wage Law
### Plaintiff v. All Defendants

1-31.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 31 of Count II of this Complaint above as if fully set forth herein this Paragraph 1-31 of Count IV.

32.    Plaintiff's complaints to Defendant Krygsheld and Mallory Malloy regarding overtime payment and overtime policies in September 2019 and October 2019, constituted protected internal complaint activity under the IMWL.

33.    Plaintiff's refusal to answer his phone on November 5, 2019, due to the stated intention of Defendants not to pay him overtime in violation of the IMWL constituted protected internal complaint activity under the IMWL.

34.    At all times material to this Complaint, the IMWL, 820 ILCS 105/11 prohibited retaliation or discrimination by an employer against an employee because of protected internal complaint activity.

35.    On or about November 5, 2019, Defendants knowingly and willingly violated the IMWL by terminating Plaintiff when Defendant Krygsheld terminated Plaintiff in retaliation for his IMWL protected internal complaint activity.

36.    As a result of Plaintiff's termination, Plaintiff sustained lost wages, consequential damages, emotional distress and has incurred attorney's fees and costs in this matter.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants jointly and severally MASSOUD FARSHCHI for the following:

a) Finding Defendants' conduct alleged herein to be willful and an award of actual damages;

b) An award of liquidated damages equal to double the amount of all actual damages requested herein, or alternatively, prejudgment interest;

c) Compensatory Damages;

d) Punitive Damages;

e) Attorneys' fees and costs of this action;

f) For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

g) Such other relief as this Court deems necessary and just.

JURY TRIAL DEMANDED.

Respectfully submitted,

KREITMAN LAW, LLC

By: __/s/ Nicholas Kreitman
    Nicholas Kreitman
    Plaintiff' Attorney

Nicholas Kreitman
Kreitman Law, LLC
#6313283
22 W. Washington St., 15th Floor
Chicago, Illinois 60602
(847) 970-0575
njk@kreitmanlaw.com